UPTON et al., Appellants v. JAMESON.

**Payment to Agent after notice of Revocation of his Authority.** Payment of the amount of a promissory note to a former agent of the holder, is no defense to a suit upon the note, if it was made after the payor had received notice that the note had been placed by the holder in the hands of another for collection.

*Appeal from Worth Circuit Court.*—HON. SAMUEL A. RICHARDSON, Judge.

The plaintiffs being engaged in the manufacture and sale of threshing machines in Michigan, through Auter Bros. & Schutt, a firm doing business in Cameron, Missouri, sold one of their machines to defendants. The purchase money was paid partly in cash and partly in three notes. These notes were made payable at Cameron to the order of plaintiffs, and matured at different times, and were delivered to Auter Bros. & Schutt. When the first two of them became due, they were in the hands of this firm, and the money was paid to them, and the notes were taken up by the defendants. At the time the second note was paid off the third was also in the hands of Auter Bros. & Schutt, and defendents made a small payment on account of it. A few days before the third note matured, defendants paid Auter Bros. & Schutt the balance due upon it, taking their receipt. Auter Bros. & Schutt then claimed that it was still in their possession, but said they could not find it, and promised to hunt it up and send it to defendants. The truth was that they had some months before sent it to the plaintiffs, who had afterwards forwarded it to a bank in Cameron for collection. This suit was brought upon this note. The cashier of the Cameron Bank gave his deposition to the effect that his bank had received the note from plaintiffs for collection, and had, by letters written by him, given notice to defendants of this fact, and had requested them to call and pay the note before they made the payment to Auter Bros. & Schutt. The second instruction asked by the plaintiffs, and refused by the court, is as follows :

Though the jury may believe, from the evidence, that the defendants, or some one of them, may have paid the full amount of the note sued on to Auter Bros. & Schutt, yet, if they further believe from the evidence, that the said note was sent by the plaintiffs, who had the same in their possession, on and prior to the 18th day of September, 1870, to the bank at Cameron, Missouri, and that on the 18th

day of September, 1870, or in a short time thereafter, the bank at Cameron, Missouri, notified the defendants, or some one of them, that said bank had said note for collection, and that the defendants, or any one of them, received said notice, and afterwards, with the notice that said Cameron bank had said note for collection, the defendants paid the amount of the note to Auter Bros. & Schutt, the jury will find for plaintiffs.

*Bennett Pike & Vinton Pike and Geo. W. Lewis* for appellants.

The court erred in refusing to allow that part of House's deposition to be read relating to the contents of his letters to defendants. They were notices, and notice to produce was not necessary. 1 Greenlf. Ev. § 561; *Hughes v. Hays*, 4 Mo. 209; *Barr v. Armstrong*, 56 Mo. 586. The second instruction, asked by plaintiffs, was predicated upon the testimony of House, and should have been given.

*John Edwards and Thos. H. Collins*, for respondents.

By an examination of the deposition of House, it will be seen that there was no evidence whatever of the loss of the letters, or that they had been mailed. The loss of the letters, or their destruction, had to be shown before their contents could be proved by oral evidence. *Meyers v. Russell*, 52 Mo. 26; 1 Greenlf., Sec. 558. The existence of these letters was a disputed fact, for all of the defendants, in their rebutting evidence, denied the receipt of them. 1 Greenleaf, Sec. 88. Notice to produce the letters should have been served on defendants. *Patton v. Ash*, 7 Serg. & Rawle, (Penn.) 116; 1 Greenleaf, Sec. 560; 2 Phillips on Ev. (5th Am. Ed.,) p. 442, marginal page 526, and Note 453. There was not the slightest evidence that the letters had been mailed, and had thus presumptively gone by due course of mail to Jameson, or the other defend-

ants. 1 Greenleaf, Sec. 40; 2 Philips on Ev. (5th Am, Ed.) p. 461, marginal p. 549, Note 469.

NAPTON, J.—The deposition of House ought not to have been excluded from the jury, as it was essentially. The defendants themselves established the fact that his letters, one of them at least, had been received and destroyed or lost, and his statement that he wrote three letters to the defendants, or some of them, by addressing them at the postoffice or town where the notes were dated, means, of course, that he mailed them. Taking together the statements of House, and the statements of the defendants, the point of the case is, whether the defendants paid off the note sued on to Auter Bros. & Schutt, before any one of these letters was received. Upon this point the statements of the defendants and of House were irreconcilable, one or the other must have been mistaken. The question ought to have been submitted to the jury. If the defendants were advised by the cashier of the Cameron bank that the note in suit had been placed there by the plaintiffs for collection, and, after that, paid the note to Auter Bros. & Schutt, the loss should be theirs, as such information was substantially a notice of the revocation of the authority of Auter Bros. & Schutt to collect the note; had such authority ever in fact existed. On the other hand, if the defendants did not receive said notice, the loss should be to the plaintiffs. In short, the second instruction, asked by the plaintiff, should have been given.

The judgment is therefore reversed, and the cause remanded. The other judges concur.

REVERSED.